```
                UNITED STATES DISTRICT COURT
                         FOR THE
                   DISTRICT OF VERMONT


Stephen Bain,                    :
        Plaintiff,                :
                                  :
   v.                             :   File No. 1:06-CV-214
                                  :
Robert Hofmann, et al.,           :
        Defendants.               :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 5 and 22)

Plaintiff Stephen Bain, a Vermont inmate proceeding *pro se*, brings this action claiming that the defendants have improperly restricted his access to his personal legal papers and to the prison's law library. Currently pending before the Court are Bain's motions for default judgment and for discovery. For the reasons set forth below, I recommend that Bain's motion for default judgment be DENIED, and DENY his motion for discovery.

### Factual Background

Bain alleges that in July, 2004, he was ordered by "agents of the Vermont Department of Corrections" to reduce his legal papers to no more than three inches in height. Due to the "active nature of his legal papers," Bain was unable to comply. The defendants subsequently

separated Bain from his legal papers by placing him in "the hole" on two occasions.  In November, 2005, after the defendants again removed his legal papers, Bain filed a complaint in state court.  In his state court action, Bain requested that the Vermont Department of Corrections ("DOC") stipulate that they would not remove his legal papers in the future.  The DOC refused to enter into such a stipulation, and Bain withdrew his complaint.

In late December, 2005, the defendants allegedly took Bain's computer disks containing legal materials.  Bain also claims that the defendants have refused to provide evening or weekend access to the law library, that the legal resources at his place of confinement are inadequate, and that copying is not performed in a timely manner.  Even when the library is open, Bain is sometimes denied access because only three inmates are allowed in the library at one time.  Finally, Bain claims that the defendants have closed the law library for extended periods of time "with no notice and no access to legal materials, computers or copies, or any other legal assets."

Discussion

I.  Motion for Default Judgment

Bain filed his complaint in October, 2006. Because Bain is proceeding *in forma pauperis*, waivers of service were mailed by the U.S. Marshals Service in mid-February, 2007. (Papers 6-18). On February 22, 2007, Bain moved for a default judgment, claiming that the defendants had failed to file timely answers and/or notices of appearance. Under Fed. R. Civ. P. 4(d), the defendants' answers were not due until 60 days after the waivers were sent. Accordingly, when Bain filed his motion there was no basis for entering a default judgment. I therefore recommend that the motion for a default judgment (Paper 5) be DENIED.

II.  Motion for Discovery

Bain has also filed a motion requesting discovery. Discovery requests should be submitted to the opposing party, not the Court. The Court only requires that a party file a certificate of service demonstrating that discovery was, in fact, served upon the opposing party. See Local Rule 26.1(f). If problems arise with respect to the production of requested discovery, the parties

may address those problems themselves and, if necessary, involve the Court as set forth in Local Rule 26.1(d). Bain's motions for discovery is, therefore, DENIED.

## Conclusion

For the reasons set forth above, I recommend that Bain's motion for default judgment (Paper 5) be DENIED, and DENY his motion for discovery (Paper 22).

Dated at Burlington, in the District of Vermont, this 31st day of May, 2007.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).