```
                  UNITED STATES DISTRICT COURT
                          FOR THE
                      DISTRICT OF VERMONT

Stephen Bain,                    :
        Plaintiff,                :
                                  :
        v.                        :     File No. 1:06-CV-214
                                  :
Vermont District Court,           :
et al.,                           :
        Defendants.                :
```

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 24, 27, 36, 52, 53, 54, 55, 56, 57, 92, 99, 100,
101 and 102)

Plaintiff Stephen Bain, a Vermont inmate proceeding *pro se*, brings this action claiming wrongful acts by the judges, police officers and prosecutors involved in his state court conviction. He also claims unlawful conduct by employees of Vermont's Department of Corrections. He brings his claims under a wide range of federal laws, including the Constitution, the Americans with Disabilities Act, the Freedom of Information Act, the Racketeer Influenced and Corrupt Organizations Act, and the Patriot Act. The complaint names approximately 50 defendants, most of whom have now moved to dismiss.

This case is one of a series of cases brought by Bain, several of which have overlapping claims. See, e.g., Bain v. Windham County Sheriff's Dep't, File No. 2:06-CV-141; Bain v. Windham County Sheriff's Dep't, File

No. 2:06-CV-160; <u>Bain v. Hofmann</u>, File No. 2:06-CV-59. Claims pertaining to Bain's arrest, prosecution, and conviction in state court have twice been dismissed without prejudice. With respect to his ADA claim, I recently issued a Report and Recommendation recommending dismissal without prejudice for lack of exhaustion.

For relief, Bain is seeking an investigation by the United States Attorney General. Although his initial complaint sought various forms of other injunctive relief, including the return of property and a new criminal trial, he has since narrowed his request. In a supplement to his complaint, Bain asks the Court to recommend that the U.S. Attorney General's office "make a searching investigation into the acts actions and activities of the individuals mentioned herein, and others; pursuant to 18 U.S.C. § 1964 et seq. (b) and 18 U.S.C. [§] 3332(a)." In the alternative, he asks that information and evidence be presented to a grand jury pursuant to 18 U.S.C. § 3332(a). (Paper 27 at 18).

In response to the defendants' motions to dismiss, Bain has twice reiterated that "[t]he only relief Plaintiff is seeking in this matter, at this time, is for

the Honorable Court to issue a Writ of Mandamus, to compel the United States Attorney General to present facts concerning alleged criminal wrongdoing of certain named defendants to the grand jury." (Paper 58 at 3); (Paper 59 at 3). Bain goes on to state: "In the case at bar, Plaintiff concedes there is no other remedy available to him other then [sic] for this Honorable Court to issue a Writ of Mandamus, as all other known avenues are foreclosed." Because Bain is not entitled to such relief, I recommend that the motions to dismiss be GRANTED and this case be DISMISSED without prejudice.

## Factual Background

For purposes of the pending motions to dismiss, the facts in the complaint will be accepted as true. On May 22, 2003, Bain was arrested and taken from his residence in Putney, Vermont. Later that day, his son and a friend arrived at the house and found it "in a shambles. Beds had been over-turned, drawers had been pulled out and over-turned. The entire house had been thoroughly rummaged through." Bain believes that the disarray was caused when law enforcement officials searched the house without a warrant.

Bain alleges that the police came back to the house a second time that day, again without a warrant, planted evidence and removed cash and medications.  Only some of the confiscated property was logged into evidence at the courthouse, and some remains unaccounted for.

On May 23, 2003, officers from the Windham County Sheriff's Department applied to state court Judge Karen Carroll for a search warrant.  The officers did not disclose the fact that warrantless searches had been conducted the previous day.  Bain is suing Judge Carroll because "it is logical to assume that Judge Carroll did not make a reasonable inquiry into the facts surrounding said application."

Bain also accuses Windham County prosecutors of conspiring to violate his federal rights.  He alleges that the prosecutors "either did not make a complete enough investigation into the repugnant actions of law enforcement, or more likely, purposely collud[ed] with law enforcement, to corruptly endeavor too [sic] obstruct the due administration of justice."  Bain further alleges that prosecutors withheld exculpatory information, and prosecuted him for personal gain.

Bain claims that State witnesses committed perjury at trial and that important sections of the transcript are either missing or have been altered. He argues that Judge Wesley should have recused himself as he did in a prior Bain matter, and that Judge Hayes ignored misconduct by law enforcement and failed to admit evidence of the "bad faith acts of law enforcement." Finally, Bain claims that his trial attorney was ineffective.

Bain argues that the actions of the prosecutors and judges amounted to a conspiracy. He also complains that he was mistreated by Corrections personnel. Specifically, he contends that he was placed in segregated confinement as a means of pre-trial coercion, and that he was deprived of his legal materials. His ADA claim also focuses on his time in prison, and relates to his alleged inability to earn good time credits due to a disability. He ties this alleged violation into his conspiracy claim by arguing that the Department of Corrections holds prisoners for as long as possible as a means of extorting money from Vermont taxpayers.

Discussion

I.  Motion to Dismiss Standard

On a motion to dismiss, the Court must accept as true the factual allegations in the complaint, and must draw all inferences in the plaintiff's favor.  See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006).  However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 240 (2d Cir. 2002) (brackets and internal citation omitted).  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level.'"  ATSI Comms., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98, (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)).  The Court must also remain mindful that *pro se* pleadings are to be read liberally.  See Phillips v. Girdich, 408 F.3d 124, 128 (2d Cir. 2005).

II.  Mandamus Relief

As discussed above, the sole relief sought by Bain

at this time is a writ of mandamus compelling an investigation by the Office of the United States Attorney General.  Title 28, § 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Bain appropriately cites the three requirements for mandamus relief: (1) a clear right to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other remedy available.  See Anderson v. Bowen, 881 F.3d 1, 5 (2d Cir. 1989).

 The defendants argue, *inter alia*, that the Attorney General has no duty to conduct an investigation.[1] "Section 1361 'is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'"  Franchi v. Manbeck, 972 F.2d 1283, 1289 (Fed. Cir. 1992) (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)).  "For there to be a 'duty owed

---

[1]  The Court notes that the U.S. Attorney General is not a defendant, and thus would not be a party to any mandamus writ issued in this case.

to the plaintiff' within the meaning of § 1361, there must be a mandatory or ministerial obligation.  If the alleged duty is discretionary or directory, the duty is not 'owed.'" Ryon v. O'Neill, 894 F.2d 199, 205 (6th Cir. 1990) (citation and internal quotation omitted); see Wilbur v. United States, 281 U.S. 206, 218 (1930).

Federal prosecutors are empowered by statute with the duty to "prosecute for all offenses against the United States."  28 U.S.C. § 547(1).  This statute, however, does not mandate that every citizen complaint result in an investigation and/or prosecution.  "This Court has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." Heckler v. Chaney, 470 U.S. 821, 831 (1985)

Indeed, courts have generally held that § 1361 may not be used to compel either investigations or prosecutions.  See Inmates of Attica v. Rockefeller, 477 F.2d 375 (2d Cir. 1973); Peek v. Mitchell, 419 F.2d 575 (6th Cir. 1970); Moses v. Kennedy, 219 F. Supp. 762 (D.C. Cir. 1963).  As the Sixth Circuit explained in Peek,

mandamus is not proper to compel the Attorney General or the United States Attorney to prosecute known civil rights violators, to alter the scope of their investigations, or to conduct particular investigations. 419 F.2d at 577.  Consequently, "the judicial control sought by the plaintiff[] . . . is beyond the power of this court."  Id.

Bain's initial complaint cites 18 U.S.C. § 1964(b), which authorizes the Attorney General to institute proceedings under RICO.  The power to institute such proceedings is clearly discretionary, as the law states that "[t]he Attorney General *may* institute proceedings under this section."  18 U.S.C. § 1964(b).  Consequently, no duty is owed as required for a writ of mandamus.

Bain also cites 18 U.S.C. § 3332, which sets forth the duties of a special grand jury.  These special grand juries were authorized by the Organized Crime Control Act of 1970, and were limited to "districts in which organized crime was deemed to be most prevalent."  United States v. Fein, 504 F.2d 1170, 1180 (2d Cir. 1974).  Thus, such grand juries are only convened in judicial districts "containing more than four million inhabitants

or in which the Attorney General, the Deputy Attorney General, the Associate Attorney General or any designated Assistant Attorney General, certifies in writing to the chief judge of the district that in his judgment a special grand jury is necessary . . . ." 18 U.S.C. § 3332(a).

Bain has not shown that any such grand jury is currently sitting in this District. Moreover, the convening of a special grand jury in smaller districts appears to be within the discretion ("in his judgment") of federal prosecutors. Id. Because convening a grand jury in Vermont under § 3331 is discretionary, there is no mandatory duty and mandamus relief is unavailable.

The statute also provides that an attorney appearing on behalf of the United States who receives information concerning federal criminal violations "from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation." 18 U.S.C. § 3332(a). Bain argues that the word "shall" creates a mandatory duty. Accepting this argument on its face, and assuming that a grand jury

10

had been properly convened under § 3331, Bain would nonetheless lack standing for the reasons set forth in Sergeant v. Dixon, 130 F.3d 1067 (D.C. Cir. 1997).

In Sergeant, convicted felons sought a writ of mandamus compelling government attorneys to present information to a grand jury relating to alleged misconduct during their prosecution.  The Circuit Court of Appeals for the D.C. Circuit held that the felons could not show an injury to a legal cognizable interest, and therefore had no standing under Article III. "Insofar as [one petitioner] has a legally cognizable interest in collaterally attacking his conviction by convincing a grand jury to indict the federal officers who, he alleges, wrongfully prosecuted him, the vindication of that interest on the basis of the allegations in his complaint is too speculative (not to say fanciful) to support his standing."  130 F.3d at 1069 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

The Sergeant analysis applies here.  Bain asks that federal prosecutors present his evidence, including his claim of an overall conspiracy, before a grand jury.  Any

11

argument that such a proceeding would lead to prosecution, and the prosecution to convictions, and those convictions to ultimate collateral relief on Bain's sentence, is highly speculative. Consequently, and assuming for the sake of argument that a grand jury would need to be convened at Bain's insistence under § 3331, he has no standing to compel action under § 3332(a).

For these reasons, I find that Bain's request for mandamus relief is without merit, and that his complaint should be DISMISSED.

III. <u>Leave to Amend</u>

If a liberal reading of a complaint "gives any indication that a valid claim might be stated," a court must grand leave to amend. <u>See</u> <u>Cuoco v. Moritsuqu</u>, 222 F.3d 99, 112 (2d Cir. 2000). In this case, however, Bain informs the Court that he is presently without his legal files, and that it "would be difficult if not imposable [sic] to file an amended complaint . . . ." (Paper 59 at 6). Bain would like to amend his complaint after counsel has been appointed, and has moved for appointment of counsel. No such counsel will be appointed at this time, however, because Bain's request for mandamus relief lacks

merit.  See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986) (district judge should first determine whether indigent's position seems likely to be of substance).

Bain also suggests that if the case is dismissed, the dismissal should be without prejudice.  As discussed above, Bain has brought substantively similar claims in other actions, and those claims have been dismissed without prejudice.  It would therefore be consistent to dismiss his current claims without prejudice as well.  Accordingly, I recommend that rather than granting leave to amend the complaint, the Court dismiss the complaint without prejudice.

## Conclusion

For the reasons set forth above, I recommend that the pending motions to dismiss (Papers 52, 53, 54, 55, 92 and 99) be GRANTED and this case be DISMISSED without prejudice.  I further recommend that Bain's motion for injunctive relief (Paper 24) be DENIED as moot.  Bain's motion to amend (Paper 27) is GRANTED, and his motions for service of summons (Papers 36, 56 and 57) are DENIED as moot.  Because this case lacks merit, his motion for

13

appointment of counsel (Paper 102) is DENIED.  Finally, the defendants' motions for protective orders (Papers 100 and 101) are DENIED as moot.

Dated at Burlington, in the District of Vermont, this 16th day of November, 2007.

/S/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may appeal this Order within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, a written statement of appeal which shall specifically designate the order, or part thereof, appealed from and the reason why this order is clearly erroneous or contrary to law. See Local Rule 72.1; 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a), 6(a) and 6(e).